UNITED STATES v. LISSNER.

SAME v. SAME.

*Circuit Court, D. Massachusetts.  July 26, 1882.)*

COUNTERFEITING—MUTILATING COINS.

> Where a coin which had been regularly coined at the mint was afterwards punched and mutilated, and an appreciable amount of silver removed from it, and the hole plugged up with base mental, or with any substance other than silver, it is an act of counterfeiting; but it is otherwise where the hole was punched with a sharp instrument, leaving all the silver in the coin, though crowding it into a different shape.

*The United States Attorney,* for plaintiff.
*Geo. F. Verry* and *T. J. Morrison,* for defendant.
Before GRAY and LOWELL, JJ.

LOWELL, C. J.  The defendant was convicted upon two indictments charging him with passing counterfeit silver coins of the denomination of quarter dollars and half dollars, knowing them to be counterfeit. The coins in question had had small holes made in them, and these holes had been filled with some base metal and passed by the defendant, with knowledge of their condition. Some of the holes had

been punched with a sharp instrument, involving no loss of silver; others were made by drilling out a part of the silver, though not with any intention of using the silver drilled out. Silver coins with small holes made in them are not fully current, some persons refusing and others accepting them. We understand that the defendant bought the coins at a slight discount and passed them for their nominal value. He probably did not consider himself guilty of passing counterfeit money; but he was guilty of doing an act which the law is to characterize. The point was a new one, and the learned judge, having much doubt upon it, ruled, for the purposes of the trial, that a coin which had been regularly coined at the mint, and afterwards punched or mutilated, and thereafter restored to the similitude of a genuine coin by the insertion of any metal, (meaning base metal,) was counterfeit. To this ruling an exception was taken.

Silver coins of the denominations of quarter dollars and half dollars are required to be made of a certain weight and fineness, and are lawful tender in payment of debts to the amount of $10, (Rev. St. §§ 3513, 3586; St. June 9, 1879, c. 3; 21 St. 7;) and are to be received by the treasury in exchange for lawful money in sums of $20, or any multiple thereof, (St. June 9, 1879, c. 12, § 1; 21 St. 7.)

In the case of gold coins the law is that when reduced in weight below the standard they are a good tender at a proportionate valuation. Rev. St. § 3585. We find no such provision made for silver coins. If such a coin has had an appreciable amount of silver removed from it, we cannot say that it remains a good coin for its original value, or even for a proportionate value. If, then, the hole is plugged with base metal, or with any substance other than silver, this act is an act of counterfeiting, because it is making something appear to be a good coin for its apparent value which was not so before.

In the English case, *Reg.* v. *Hermann*, Law Rep. 4 Q. B. D. 284, cited by the United States, a gold coin had been filed away until the milling was destroyed, and then a new milling had been made. A majority of the court held that this coin was counterfeit. Two able judges dissented, but one of them said that if any base metal had been added to the coin to make up the weight, he should not have doubted that it was counterfeit. If that case had been like this, there would, we suppose, have been no dissent. We do not doubt that the judgment of the court was sound, because the milling was actually a counterfeited milling.

The fraudulent alteration of a bank-note to make it appear of more than its true value, and other similar acts which are held to be forgery, are analogous.

We are therefore of opinion that the ruling and conviction were proper in respect to those coins which had been drilled and afterwards filled up.

On the other hand, we do not consider it a criminal act, whatever the intent may have been, to add base metal to a good coin, and we see no ground for holding that a hole punched through a coin with a sharp instrument, crowding the silver into a slightly different shape, but leaving it all in the coin, has any effect to render it less valuable or less lawful tender than before. The statutes above cited are silent upon this exact question; but we think it clear that a silver coin, duly issued from the mint, remains of full value so long as it retains all the appearance of a coin, and does besides contain all its original weight and fineness. This being so, we cannot regard the addition of something to it as a criminal act of counterfeiting. Passing such a coin works no injury to the person to whom it is passed.

The pleadings and evidence reported do not enable us to discriminate between the counts which apply to the one and to the other kind of alteration. We must, therefore, order new trials. Counsel will probably be able to arrange for a default upon such count or counts as relate to what we hold to be counterfeited coin.